GOLDSTEIN v. JONES.

(Supreme Court, Appellate Term, First Department.   November 12, 1912.)

JUDGMENT (§ 138*)—DEFAULTS—VACATION.

> Where a default was allowed over defendant's motion for a continuance, and her motion to vacate the default was denied because the bond filed was not sufficient, and defendant moved to vacate the judgment and for another opportunity to open her default, the motion should be granted; it appearing that her negligence was not willful and her claim was not interposed in bad faith, and that the judgment, if allowed to stand, would conclude her in regard to another action pending.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249-251, 254; Dec. Dig. § 138.*]

Appeal from City Court of New York, Special Term.

Action by Albert S. Goldstein against Clara Jones. From an order denying defendant's motion to open her default, defendant appeals. Reversed.

Argued November term, 1912, before LEHMAN, PAGE, and HOTCHKISS, JJ.

William Grant Brown, of New York City (Isaac B. Reinhardt and Emanuel A. Eichner, both of New York City, of counsel), for appellant.

Raymond D. Fuller, of New York City (J. Arthur Hilton, of New York City, of counsel), for respondent.

LEHMAN, J.   The defendant appeals from an order denying her motion to vacate a judgment entered on her default and permit her to defend the action. It appears that when the action was called for trial the defendant endeavored to procure a postponement upon grounds which might well appeal to the discretion of the court, even though they constituted no legal ground. The defendant then moved to open her default, and her motion was granted, upon condition that she file a bond on the next day with two sufficient sureties. The defendant filed a bond thereafter, but the sureties failed to justify in a manner satisfactory to the parties or to the justice at Special Term. The plaintiff thereupon entered judgment upon the inquest, and the defendant promptly moved to vacate that judgment and for another opportunity to open her default.

It is shown that, if the judgment is allowed to stand, it will not only conclude the defendant in regard to the cause of action alleged in the complaint, but will bar her from proceeding in another and larger action pending in the Supreme Court. Under these circumstances, even though it be conceded that the defendant is not free from fault, her negligence is not apparently willful, nor is her claim interposed in bad faith. She should not be barred from the courts merely because she has failed to comply with the previous order, but she should be given a reasonable opportunity to file her bond with new sureties.

The order should therefore be reversed, but without costs or dis-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bursements, and the motion to vacate the judgment and open the default granted, provided that the defendant file a bond with two good and sufficient sureties to be approved by the court within 10 days after service of a copy of the order entered hereon in the City Court, with notice of entry thereof. All concur.